1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar No. 2137
   MICHAEL A. HUMPHREYS
3  Assistant United States Attorney
   Lloyd D. George United States Courthouse
4  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
5  Telephone: (702) 388-6336
   Facsimile: (702) 388-6787
6  Counsel for Plaintiff

7

8

9                    UNITED STATES DISTRICT COURT
10
                          DISTRICT OF NEVADA
11
   UNITED STATES OF AMERICA,        )
12                                  )
              Plaintiff,            )
13                                  )
         v.                         )   2:12-CV-1014-JAD-(GWF)
14                                  )
   $150,990.00 IN UNITED STATES     )
15 CURRENCY,                        )
                                    )
16            Defendant.            )

17  **SETTLEMENT AGREEMENT FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO ALEJANDRO DIAZ-FLORES AND ORDER**
18

19       The United States of America ("United States"), by and through Daniel G. Bogden, United

20  States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States

21  Attorney, and ALEJANDRO DIAZ-FLORES and his counsel, Joshua Tomsheck, Esq., agree as

22  follows:

23       1.   This case is a civil forfeiture action seeking to forfeit $150,990.00 in United States

24  Currency under Title 21, United States Code, Section 881(a)(6) and Title 31, United States Code,

25  Section 5317(c)(2).

26  . . .

2. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to the civil judicial forfeiture of the $150,990.00 in United States Currency.

3. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to forfeit the $150,990.00 in United States Currency to the United States.

4. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to relinquish all right, title, and interest in the $150,990.00 in United States Currency.

5. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to waive his right to any civil judicial forfeiture proceedings ("proceedings") concerning the $150,990.00 in United States Currency.

6. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $150,990.00 in United States Currency arising from the facts and circumstances of this case.

7. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the forfeiture and disposition of the $150,990.00 in United States Currency.

8. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $150,990.00 in United States Currency.

9. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the $150,990.00 in United States Currency.

10. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G, 18 U.S.C. § 983, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the $150,990.00 in United States Currency.

11. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $150,990.00 in United States Currency.

12. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the $150,990.00 in United States Currency.

13. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $150,990.00 in United States Currency to the United States.

14. ALEJANDRO DIAZ-FLORES understands that the forfeiture of the $150,990.00 in United States Currency shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on ALEJANDRO DIAZ-FLORES in addition to forfeiture.

15. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Judgment of Forfeiture as to ALEJANDRO DIAZ-FLORES and Order ("Settlement Agreement").

16. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the United States Department of Immigration and Customs Enforcement, the Department of the United States Treasury, their agencies, their agents, and their employees from any claim made by ALEJANDRO DIAZ-FLORES or any third party arising out of the facts and circumstances of this case.

17. ALEJANDRO DIAZ-FLORES knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the United States Department of Immigration and Customs Enforcement, the Department of the United States

1  Treasury, their agencies, their agents, and their employees from any and all claims, rights, or causes of
2  action of any kind that ALEJANDRO DIAZ-FLORES now has or may hereafter have on account of,
3  or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the
4  civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

5        18. ALEJANDRO DIAZ-FLORES knowingly and voluntarily acknowledges, understands,
6  and agrees that (a) federal law requires the Department of the United States Treasury and other
7  disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the
8  United States and to individual states (including past-due child support); (b) if an offset occurs to the
9  payment to be made pursuant to this agreement, Claimant will receive a notification from the
10 Department of the United States Treasury at the last address provided by him to the governmental
11 agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject
12 to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this
13 settlement do not affect the tax obligations fines, penalties, or any other monetary obligations owed to
14 the United States or an individual state; and (e) the exact sum delivered to Joshua Tomsheck, Esq., on
15 behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in
16 satisfaction of a debt obligation.

17       19. After the property is forfeited in this civil case and the United States District Court has
18 signed the Settlement Agreement concerning the property, within a practicable time thereafter for the
19 United States, the United States agrees to release to ALEJANDRO DIAZ-FLORES one payment of
20 Thirty Seven Thousand Seven Hundred Forty Seven dollars and Fifty cents ($37,747.50) in United
21 States Currency less any debt owed to the United States, any agency of the United States, or any debt
22 in which the United States is authorized to collect, through Joshua Tomsheck, Esq. ALEJANDRO
23 DIAZ-FLORES knowingly and voluntarily agrees to fill out the Department of the United States
24 Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the
25 United States Attorney's Office so that the payment of the money can be disbursed by electronic fund
26 transfer. ALEJANDRO DIAZ-FLORES knowingly and voluntarily agrees the Thirty Seven Thousand

Seven Hundred Forty Seven dollars and Fifty cents ($37,747.50) in United States Currency may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

20. Claimant understands that if his B1/B2 Non-Immigrant Visa card has expired he will need to apply for a new one by following normal procedures, and that the Department of State has the sole authority and discretion to grant such a visa. As a condition of this settlement agreement, the ICE-HSI Office in Las Vegas, if consulted as part of the application process, agrees to provide a recommendation with respect to Claimant's application for a B1/B2 Non-Immigrant Visa card. Claimant understands and acknowledges with his signature below, or the signature of his authorized legal representative, that no assurances, guarantees or legal obligations attach to the ICE-HSI Office in Las Vegas's efforts to obtain the approval of a Non-Immigrant Visa card. Further, Claimant further acknowledges and understands that, should he granted a B1/B2 Non-Immigant Visa card, continued possession of a Non-Immigrant Visa card is subject to the Claimant abiding with and conforming to all laws, regulations and other mandates that pertain to the possession of that card in good standing.

21. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

22. The Settlement Agreement contains the entire agreement between the parties.

23. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

24. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

25. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

26. Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

27. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $150,990.00 in United States Currency.

DATED: October 2nd, 2014

Hofland & Tomsheck

_____
Joshua Tomsheck, Esq.
Counsel for Alejandro Diaz-Flores

DATED: 10-2-14

_____
Alejandro Diaz-Flores

DATED: Oct 3 2014

DANIEL G. BOGDEN
United States Attorney

_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney

**ORDER**

IT IS SO ORDERED.

Dated: October 7, 2014.

_____
UNITED STATES DISTRICT JUDGE

6